UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In the Matter of the Arbitration
Between UNITED AUTO WORKERS,
LOCAL 2350,

        Petitioner,

    v.                                      CIV. NO. S-05-1327 WBS PAN

CALIFORNIA STATE EMPLOYEES'
ASSOCIATION, SEIU LOCAL 1000,
AFL-CIO,

        Respondent.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for October 11, 2005, and makes the following findings and orders without needing to consult with the parties any further:

        I.    SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

The parties agree that venue is properly set in this Court. Both parties agree that the court has jurisdiction but disagree as the basis of the court's jurisdiction in this case. The respondent contends the court's jurisdiction arises under the Labor Management Relations Act of 1947, and specifically, 29 U.S.C. § 185 (also known as Section 301). Petitioner contends that this court's jurisdiction arises from the Federal Arbitration Act, 9 U.S.C. § 11 and 29 U.S.C. §§ 151-169 (the National Labor Relations Act).

## IV. DISCOVERY

The parties agree that the only material subject to disclosure or production is the record of the proceedings before the arbitrator and other materials related to the operation of the retirement plan. The parties have stipulated that the petitioner will agree to any reasonable discovery requests by the respondent concerning these materials.

All discovery, as discussed above, shall be so conducted as to be completed by March 31, 2006. The word "completed" means that all discovery shall have been conducted so that any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to

1 compel discovery must be noticed on the magistrate judge's
2 calendar in accordance with the local rules of this court and so
3 that such motions may be heard (and any resulting orders obeyed)
4 not later than March 31, 2006.
5       V.   MOTION HEARING SCHEDULE
6       All motions, except motions for continuances,
7 temporary restraining orders or other emergency applications,
8 shall be filed on or before May 19, 2006.  All motions shall be
9 noticed for the next available hearing date.  Counsel are
10 cautioned to refer to the local rules regarding the requirements
11 for noticing and opposing such motions on the court's regularly
12 scheduled law and motion calendar.
13       VI.   FINAL PRETRIAL CONFERENCE
14       The Final Pretrial Conference is set for July 31, 2006
15 at 10:00 a.m.  The conference shall be attended by at least one
16 of the attorneys who will conduct the trial for each of the
17 parties and by any unrepresented parties.
18       Counsel for all parties are to be fully prepared for
19 trial at the time of the Pretrial Conference, with no matters
20 remaining to be accomplished except production of witnesses for
21 oral testimony.  Counsel shall file separate pretrial
22 statements, and are referred to Local Rules 16-281 and 16-282
23 relating to the contents of and time for filing those
24 statements.  In addition to those subjects listed in Local Rule
25 16-281(b), the parties are to provide the court with: (1) a
26 plain, concise statement which identifies every non-discovery
27 motion which has been made to the court, and its resolution; (2)
28 a list of the remaining claims as against each defendant; and

1  (3) the estimated number of trial days.
2           In providing the plain, concise statements of
3  undisputed facts and disputed factual issues contemplated by
4  Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
5  claims that remain at issue, and any remaining affirmatively
6  pled defenses thereto.  If the case is to be tried to a jury,
7  the parties shall also prepare a succinct statement of the case,
8  which is appropriate for the court to read to the jury.
9           VII.  TRIAL SETTING
10          The trial is set for September 19, 2005 at 9:00 a.m.
11 in Courtroom No. 5.
12          VIII.  SETTLEMENT CONFERENCE
13          A Settlement Conference will be set at the time of the
14 Pretrial Conference.
15          Counsel are instructed to have a principal with full
16 settlement authority present at the Settlement Conference or to
17 be fully authorized to settle the matter on any terms.  At least
18 seven calendar days before the Settlement Conference counsel for
19 each party shall submit a confidential Settlement Conference
20 Statement for review by the settlement judge.  If the settlement
21 judge is not the trial judge, the Settlement Conference
22 Statements shall not be filed and will not otherwise be
23 disclosed to the trial judge.
24          IX.  MODIFICATIONS TO SCHEDULING ORDER
25          Any requests to modify the dates or terms of this
26 Scheduling Order, except requests to change the dates of the
27 Final Pretrial Conference or trial, may be heard and decided by
28 the assigned Magistrate Judge.  All requests to change the dates

1 | of the Pretrial Conference and/or trial shall be heard and
2 | decided only by the undersigned judge.
3 | DATED:  September 27, 2005.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE