UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In the Matter of the Arbitration
Between UNITED AUTO WORKERS,
LOCAL 2350,

        Petitioner,

  v.                               CIV. NO. S-05-1327 WBS PAN

CALIFORNIA STATE EMPLOYEES'     ORDER TO SHOW CAUSE
ASSOCIATION, SEIU LOCAL 1000,
AFL-CIO,

        Respondent.

----oo0oo----

        In this court's Status (Pretrial Scheduling) Order filed on September 28, 2005, this action was set for Final Pretrial Conference on July 31, 2006, at 10:00 a.m.  The Order further provided that, "[t]he conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties. . ."  The Order went on to provide that, "[c]ounsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements."  Local Rule 16-281(a) requires counsel for all parties other than the plaintiff to file their separate or joint pretrial statements no later than five court days before the date set for the pretrial

conference.

This matter came on regularly for Pretrial Conference at 10:00 a.m. on July 31, 2006. Patrick Condon appeared by telephone, with the consent of the court, for the petitioner. No appearance was made on behalf of the respondent. Mr. Condon filed a Separate Pretrial Statement, but no separate or joint pretrial statement was filed on behalf of respondent. The court has been informed by petitioner's counsel that respondent's attorney has "resigned" his representation of CSEA and "will be substituting out" of this litigation. However, no substitution has been filed, and Mr. Harrington is still counsel of record for respondent in this action. Despite several efforts on the part of the Clerk to contact Mr. Harrington, he neither sought nor obtained permission from the court to be excused from his obligations to file a pretrial statement or attend the conference.

IT IS THEREFORE ORDERED that respondent's attorney, Vincent A. Harrington, Jr., shall personally appear in Courtroom 5 of this court at 9:00 a.m. on August 14, 2006, to show cause why he should not be adjudged in contempt of court and why appropriate sanctions, including but not limited to monetary sanctions and/or default, should not be imposed pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

DATED: July 31, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE