UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In the Matter of the Arbitration Between UNITED AUTO WORKERS, LOCAL 2350,

        Petitioner,

   v.

CALIFORNIA STATE EMPLOYEES' ASSOCIATION, SEIU LOCAL 1000, AFL-CIO,

        Respondent.

CIV. NO. S-05-1327 WBS EFB

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

----oo0oo----

        This matter, set for hearing on September 19, 2006, was submitted to the Court for decision on the briefs without oral argument.  This court, having read and considered the documentary evidence and the written submissions of the parties, now makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

FINDINGS OF FACT

        1.  The grievant Mark DeBoer ("Grievant") was employed by respondent California State Employees' Association ("CSEA") in the Legal Services Department for approximately twenty years without being subject to formal discipline.

        2.  Grievant's employment was governed by the

Collective Bargaining Agreement ("Agreement") between petitioner United Auto Workers Local 2350 ("UAW") and CSEA, from March 1, 2002, through October 31, 2006.

3. The arbitration provision in the Agreement governs all grievances by CSEA employees pertaining to the interpretation, application and/or violation of the Agreement.

4. Based on eight complaints entered against Grievant over an eight month period, respondent terminated Grievant's employment on February 13, 2004.

5. Shortly thereafter, Grievant applied for retirement, and began to receive benefits dating back to the first business day following his termination.

6. Grievant's retirement was governed by the CSEA retirement plan ("Plan"), which is incorporated into the Agreement by reference in Article 15, Section 1.

7. Grievant properly filed a grievance with petitioner alleging wrongful termination, and based on Articles 10 and 11 of the Agreement, an arbitration hearing regarding this grievance was held on November 16 and 17, 2004, by Catherine Harris, Esq. ("Arbitrator").

8. The parties submitted two issues to the Arbitrator: 1) whether there was just cause for Grievant's termination and 2) if not, what should be the appropriate remedy.

9. Both parties additionally stipulated at the hearing that the Arbitrator was empowered to determine the effect of Grievant's subsequent retirement on the disposition of the grievance.

10. The Arbitrator found that none of the charges respondent brought against Grievant constituted grounds for termination.

11. The Arbitrator found that, by virtue of his decision to retire, Grievant removed himself from the UAW bargaining unit.

12. The Arbitrator found that it was beyond her authority to order the reinstatement of a non-bargaining unit retiree to a bargaining unit position.

13. The Arbitrator found that rescission of Grievant's retirement was therefore a condition precedent to his reinstatement.

14. The Arbitrator found that rescission of Grievant's retirement was beyond her authority because 1) Grievant's retirement is administered by the Plan administrator, who was not a party to the proceeding, and 2) neither party to the proceeding conferred on the Arbitrator the power to make that determination.

15. The Arbitrator therefore found that reinstatement was not an appropriate remedy.

16. The Arbitrator additionally found that, because Grievant had been receiving retirement allowance effective the day immediately following his last day of compensation, an award of back pay was inappropriate.

17. The Arbitrator thus granted the grievance, finding no just cause for termination, and ordered that the CSEA remove all evidence of disciplinary action from Grievant's personnel file.

CONCLUSIONS OF LAW

1. Petitioners brought this action to vacate the Arbitrator's award in part, and to modify or correct it to order CSEA to reinstate Grievant and compensate him for lost earnings due to wrongful termination. This court has jurisdiction of the matter under 9 U.S.C. §§ 10, 11 (Federal Arbitration Act).

2. Section 10 provides, in relevant part, that a district court may vacate an arbitrator's award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. 10(a)(4).

3. Section 11 provides, in relevant part, that a district court may modify or correct an arbitrator's award so as to effect the intent of the parties and promote justice "where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. 11(b).

4. Petitioner contends that the award should be vacated and modified because 1) it exceeded the Arbitrator's authority, 2) it was contrary to public policy, and 3) it was not mutual, final, and definite..

5. A district court's review of an arbitral award is limited and extremely deferential. See, e.g., Local Joint Executive Bd. of Las Vegas v. Riverboat Casino, Inc., 817 F.2d 524, 526 (9th Cir. 1987) (citing United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564, 567-8 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-85 (1960); United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593,

596 (1960)); Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Arizona Mechanical and Stainless Inc., 863 F.2d 647, 653 (9th Cir. 1988)).

7.  Unless the arbitral decision "fails to draw its essence from the collective bargaining agreement," the district court is bound to enforce the award and is not entitled to review the merits of the contract dispute. New Meiji Mkt. v. United Food & Commercial Workers Local Union No. 905, 789 F.2d 1334, 1335 (9th Cir. 1986) (citing Enter. Wheel & Car Corp., 363 U.S. at 597).

8.  Pursuant to 9 U.S.C. 10(a)(4), a court may overturn an arbitral award when arbitrators' actions exceed their authority, Riverboat Casino, 817 F.2d at 527 (citing Sheet Metal Workers Int'l Assoc., Local 420 v. Kinney Air Conditioning, 756 F.2d 742, 744 (9th Cir. 1985)), and "clearly go[] beyond the substantive issues submitted by the parties." Sheet Metal Workers, 756 F.2d at 745.

9.  The issues submitted to the Arbitrator were Grievant's allegedly wrongful termination, what remedy, if any, might be appropriate, and how Grievant's retirement affected the resolution of those issues.  The Arbitrator's determination that Grievant's retirement rendered reinstatement beyond her authority was thus well within the bounds of the substantive issues before her, and she did not exceed her authority in so holding.  See, e.g., Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Madison Indus. Inc., of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (noting that the arbitrator's interpretation of the scope of issues submitted to him is entitled to the same broad

5

deference afforded to his interpretation of the collective bargaining agreement); <u>Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.</u>, 44 F.3d 826, 831 (9th Cir. 1995) (holding that an arbitrator need not limit his decision to the precise measure of relief requested in the original grievance but instead is tasked with "defin[ing] the relief that will compensate the grievant if his claim is upheld") (citing <u>Hotel and Rest. Employees & Bartenders Int'l Union v. Michelson's Food Serv., Inc.</u>, 545 F.2d 1248, 1254 (9th Cir. 1976)).

10.  A court may also overturn an award if the arbitrator reached a decision that "actually violates the law or any explicit, well defined and dominant public policy." <u>Am. Postal Workers v. U.S. Postal Serv.</u>, 682 F.2d 1280, 1284 (9th Cir. 1982).

11. A party seeking to vacate an arbitrator's award on these grounds must demonstrate that the arbitrator's award exhibited a "manifest disregard of <u>law</u>," such that the arbitrator was aware of a governing legal principle but refused to apply it. <u>Coutee v. Barington Capital Group, L.P.</u>, 336 F.3d 1128, 1133 (9th Cir. 2003) (quoting <u>G.C. & K.B. Invs., Inc. v. Wilson</u>, 326 F.3d 1096, 1105 (9th Cir. 2003)) (emphasis added).

12.  Petitioner has failed to cite any specific law or legal tenet violated by the Arbitrator's award, and this court is unaware of any such principle.  Petitioner's trial brief contains only broad references to general notions of justice as a basis for vacatur, which is a misstatement of the law. <u>United Paperworkers Int'l Union, AFL-CIO v. Misco</u>, 484 U.S. 29, 43 (1987) (noting that a district court may only consider vacating

1 an award that violated public policy "ascertained by reference
2 to laws and legal precedents and not from general considerations
3 of supposed public interests").

4     13.  Even if the Arbitrator had made miscalculations
5 in her evaluation of the legal issues, this would not be
6 sufficient to overturn the award.  Am. Postal Workers, 682 F.2d
7 at 1285 ("An arbitrator's award will not be vacated because of
8 erroneous findings of fact or misinterpretations of law.").

9     14.  The Arbitrator, in issuing her order and award,
10 engaged in a reasoned legal analysis of the issues submitted to
11 her by both parties, based on her legitimate understanding of
12 the principles of contractual interpretation.  The award did not
13 constitute a manifest disregard of law or public policy, so as
14 to warrant vacatur or modification.  Pac. Reinsurance Mgmt.
15 Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1024 (9th Cir.
16 1991) (noting that "as long as the arbitrator is even arguably
17 construing or applying the contract and acting within the scope
18 of his authority," a court must uphold the award) (quoting
19 United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38
20 (1987)).

21     15.  Petitioner finally contends that the Arbitrator
22 failed to execute a "mutual, final and definite award" as
23 mandated by statute.  9 U.S.C. 10(a)(4).

24     16.  "An award is mutual, definite and final if it
25 'resolve[s] all issues submitted to arbitration, and
26 determine[s] each issue fully so that no further litigation is
27 necessary to finalize the obligations of the parties.'"
28

1  ConnTech Dev. Co. v. Univ. of Conn. Educ., 102 F.3d 677, 686 (2d
2  Cir. 1996).
3         17.  Petitioner's sole basis for this argument is the
4  assertion that the Administrator "fail[ed] to decide a critical
5  question" of "proper recompense to the Grievant. . . ."
6  Petitioner's Trial Brief at 7.
7         18.  The Arbitrator's decision addressed all eight
8  charges and determined that they did not constitute cause for
9  termination.  (Arbitrator's Opinion and Award at 35.)  The
10 decision then addressed the appropriate remedy for Grievant, and
11 thoroughly detailed why the particular award was granted, instead
12 of the specific remedy sought by Petitioner.  (Id. at 35-37.)
13 The subsequent obligations of the parties are clear--Respondent
14 is to expunge all evidence of the termination from Grievant's
15 personnel record.  Thus, contrary to petitioner's assertion, the
16 Arbitrator's award was "mutual, final and definite," as mandated
17 by 9 U.S.C. 10(a)(4).  ConnTech Development Co., 102 F.3d at 686.
18        19.  Because of the highly deferential standard of
19 review of arbitral orders, this court need not decide whether it
20 agrees or disagrees with the conclusion reached by the
21 Arbitrator.  Riverboat Casino, 817 F.2d at 527; Local Joint
22 Executive Bd., 817 F.2d at 526 (citing Am. Mfg. Co., 363 U.S. at
23 568) ("It is not the court's role to determine whether the
24 arbitrator has reached the same result the court would have
25 reached.").
26        20.  The Arbitrator's award draws its essence from the
27 Agreement, and there are no grounds on which it should be vacated
28 or modified.  New Meiji Mkt., 789 F.2d at 1335.

1       IT IS THEREFORE ORDERED THAT the April 7, 2005,
2  arbitration award be, and the same hereby is, AFFIRMED.
3       LET JUDGMENT BE ENTERED ACCORDINGLY.
4  DATED: October 12, 2006

                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE